UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JEREMY S. DAUBAN,

                Plaintiff,                        Case No. 2:06-cv-65

v.                                             Honorable R. Allan Edgar

MARQUETTE COUNTY JAIL,

                Defendant.

_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

## Discussion

### I.   Factual allegations

Plaintiff is incarcerated at the Marquette County Jail. He claims that the following conditions at that facility violate one or more constitutional amendments: (a) banning all magazines depicting women in skimpy outfits, (b) confiscating prisoners' mail without notifying the addressee, (c) failing to use the money collected from the prisoners for room and board for the prisoners' benefit, (d) housing pretrial detainees and convicted prisoners together, (e) confining pretrial detainees in their cells during the night hours for no apparent reason, (f) punishing prisoners without providing due process of law, and (g) failing to provide prisoners a legal library or access to legal materials. Plaintiff names only the Marquette County Jail as a defendant.

Plaintiff contends that because all persons incarcerated at the Marquette County Jail are subjected to these conditions, the Court should allow the case to proceed as a class action. He seeks punitive damages and injunctive relief.

### II.   Class action

Plaintiff requests class certification. For a case to proceed as a class action, the court must be satisfied on a number of grounds, including the adequacy of class representation. *See* FED. R. CIV. P. 23(a)(4). The Fourth Circuit has held that incarcerated, *pro se* litigants are inappropriate representatives of the interests of others. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Sule v. Story*, No. 95-1422, 1996 WL 170156, at *1 (10th Cir. Apr. 11, 1996) (collecting cases). In numerous unpublished decisions, the Sixth Circuit has followed the Fourth Circuit's decision in *Oxendine. See Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000); *Ballard v. Campbell*, No. 98-6156, 1999 WL 777435, at *1 (6th Cir. Sept. 21,

- 2 -

1999); *Giorgio v. Tennessee*, No. 95-6327, 1996 WL 447656, at *1 (6th Cir. Aug. 7, 1996); *Marr v. Michigan*, No. 95-1794, 1996 WL 205582, at * 1 (6th Cir. Apr. 25, 1996); *Barnes v. Dunn*, No. 91-5889, 1991 WL 243553, at *1 (6th Cir. Nov. 21, 1991); *Stanko v. Story*, No. 90-6549, 1991 WL 73257 (6th Cir. May 7, 1991).  Accordingly, because Plaintiff is an  incarcerated, *pro se* litigant, he is not an appropriate representative of a class.  Therefore, I recommend that the Court deny Plaintiff's request for class certification.

III.    Exhaustion of available administrative remedies

Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  Plaintiff declares that he has exhausted all of the remedies afforded to him in the Marquette County Jail.  I am unable to fully evaluate Plaintiff's allegations regarding exhaustion because it is unclear what type of remedies may be available at the jail.  However, even if the exhaustion requirement was not satisfied, courts need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."  42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).  Because Plaintiff's complaint fails to state a claim upon which relief can be granted, I recommend that the Court dismiss this action without first requiring Plaintiff to establish that he has exhausted his available administrative remedies.

IV.   <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

Section 1983 imposes liability on any "person" who violates an individual's federal rights while acting under color of state law. A county jail is not a "person," and therefore, is not capable of being sued under the statute. *See e.g., Darby v. Pasedena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991); *Oladipupo v. Austin,* 104 F.Supp.2d 626, 641-42 (W.D. La. 2000); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (Cook County jail is a building, not a person subject to suit); *McCoy v. Chesapeake Corr. Ctr.,* 788 F.Supp. 890, 893-94 (E.D.Va.1992) (local jail not a "person" amenable to suit under § 1983); *Brooks v. Pembroke City Jail,* 722 F.Supp. 1294, 1301 (E.D.N.C. 1989); *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 (10th Cir. June 21, 2000); *Davis v. Belmont Corr. Inst.,* No. 2:05-cv-1032, 2006 WL 840387, at *3 (S.D. Ohio Mar. 30, 2006); *McLeod v. Still,* No. 05-4635, 2006 WL 372989, at *4 (D.N.J. Feb. 16, 2006); *Meyers v. Schuylkill County Prison*, No. 4-cv-04-1123, 2006 WL 559467, at *8 (M.D.Pa. Mar. 7, 2006); *Spratt v. DeKalb County Jail*, No. 1:05-cv-254, 2005 WL 1958654, at *3 (N.D. Ind. Aug. 12, 2005); *Seals v. Grainger County Jail*, No. 3:04cv606, 2005 WL 1076326, at *2 (E.D. Tenn. May 6, 2005). Accordingly, accepting as true all of Plaintiff's well-pleaded allegations, it appears beyond

doubt that Plaintiff can prove no set of facts that would entitle him to relief under § 1983 against the Marquette County Jail.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  August 18, 2006


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).